19 F.3d 1435
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John W. SANFORD, Defendant-Appellant.
 No. 93-3821.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 1
 Before: KEITH and NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court order denying his "Petition for Plain Error" purportedly filed under Fed.R.Crim.P. 52(b). The government has filed a motion to dismiss the appeal for lack of jurisdiction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, John W. Sanford was convicted of drug trafficking in violation of 21 U.S.C. Sec. 841(a), use of a firearm during a drug trafficking offense and being a felon in possession of a firearm. He was sentenced to serve a total of 360 months of imprisonment and 4 years of supervised release. His conviction and sentence were affirmed on appeal. United States v. Sanford, No. 91-3944 (6th Cir. Sept. 15, 1992) (per curiam).
 
 
 4
 On May 21, 1993, Sanford filed the underlying petition in which he sought review of allegedly erroneous jury instructions under the "plain error" rule of Fed.R.Crim.P. 52(b). Sanford asserted that the jury instructions referred to possession of cocaine base (crack) while the indictment charged him with possession of cocaine. The district court denied the petition as frivolous after noting that Sanford had previously exhausted his right to appeal.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by denying the petition. The authority to remedy an error under Rule 52(b) is a limited discretionary power vested in the appellate court. See United States v. Olano, 113 S.Ct. 1770, 1776 (1993). The rule does not afford a district court the ability to review an allegation of error in a prior criminal proceeding, but applies only in certain limited circumstances where a defendant fails to make a timely objection in the district court. See id.
 
 
 6
 Alternatively, the petition may be construed as a separate civil action attacking the conviction, i.e., a motion to vacate sentence under 28 U.S.C. Sec. 2255. See Sinito v. United States, 750 F.2d 512, 513 (6th Cir.1984). Nonetheless, the petition was properly denied. Because Sanford failed to allege cause for or demonstrate actual prejudice from his failure to present his claim in his direct appeal, review under Sec. 2255 is not warranted. See United States v. Frady, 456 U.S. 152, 167-68 (1982).
 
 
 7
 The government's motion to dismiss lacks merit. The government maintains that the district court lacked subject matter jurisdiction to address Sanford's petition and that, by extension, this court also lacks jurisdiction. Even if it is assumed that subject matter jurisdiction was lacking in the district court, this court has jurisdiction to review any final order of the district court dismissing the petition. Cf. United States v. Washington, 761 F.2d 1404, 1406 (9th Cir.1985) ("Section 1291 of Title 28 gives a right of appeal 'from all final decisions' of the district court"), cert. denied, 474 U.S. 1100 (1986).
 
 
 8
 Accordingly, the motion to dismiss is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation