UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael I. MONUS, Defendant–
Appellant.

No. 00–3458.

United States Court of Appeals,
Sixth Circuit.

Oct. 5, 2001.

Before KEITH, NORRIS, and
BATCHELDER, Circuit Judges.

OPINION

ALAN E. NORRIS, Circuit Judge.

Defendant Michael Monus appeals from a district court order denying his motion for a reduction of sentence "as if" under Fed.R.Crim.P. 35(b). Because defendant failed to make the requisite showing that an unconstitutional motive influenced the government's decision not to move for a downward departure based upon Rule 35(b), we affirm the judgment of the district court.

The facts giving rise to the underlying prosecution have already been recited at some length by this court, *see United States v. Monus*, 128 F.3d 376, 381 (6th Cir.1997), and we will not repeat them here. The only issue before us at this juncture is whether defendant made the showing of improper motive required to entitle him to an evidentiary hearing and, potentially, to relief.

■ By its express terms, only the government can bring a Rule 35(b) motion:

If the *Government* so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994. The court may consider a *government motion* to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's pre-sentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.

FED. R.CRIM. P. 35(b) (emphasis added); *see also* 3 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 585.1 (2d ed. Supp.2001) ("Under amended Rule 35(b), the court may still lower a sentence, but only on a motion by the government.")

(citing *United States v. Early*, 27 F.3d 140 (5th Cir.1994)). Hence, "the government has discretion in deciding whether to file a substantial assistance motion. That decision will not be questioned unless the defendant can make a 'substantial threshold showing of an unconstitutional motive.'" *United States v. Buchanan*, 213 F.3d 302, 314 (6th Cir.2000) (quoting *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir.1993)).

The rule that a government's refusal to file a Rule 35(b) motion cannot be challenged unless it is based on an unconstitutional motive stems from *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). In *Wade*, the defendant asserted at his sentencing hearing that he had provided "substantial assistance" to law-enforcement officials after his arrest and was therefore entitled to a sentence reduction. *Wade*, 504 U.S. at 183, 112 S.Ct. 1840. The district court held that it had no authority to grant a reduction since the government had not filed a motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.[1] *Id.* The Supreme Court agreed with the district court that "in both § 3553(e) and § 5K1.1 the condition limiting the court's authority gives the Government a power, *not a duty*, to file a motion when a defendant has substantially assisted." *Id.* at 185, 112 S.Ct. 1840 (emphasis added). However, the Court added:

[A] prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce. Because we see no reason why courts should treat a prosecutor's refusal to file a substantial-assistance motion differently from a prosecutor's other decisions, we hold that the federal district

---

1. A motion under § 3553(e) is the pre-sentence equivalent of a Rule 35(b) motion. *See* 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.").

courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive....

It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would generalized allegations of improper motive. Indeed, Wade concedes, that a defendant has no right to discovery or an evidentiary hearing unless he makes a "substantial threshold showing."

*Id.* at 185–86, 112 S.Ct. 1840 (citations omitted).

■ Although defendant alleges that he provided substantial assistance to the government, his motion to the district court falls far short of meeting the "substantial threshold showing" required to trigger an evidentiary hearing. While it contains the kind of "generalized allegations" discounted by the Court in *Wade,* there are no affidavits attached. Moreover, the motion focuses more on whether defendant provided substantial assistance rather than upon the more important issue: whether the government's decision was based upon an improper motive. As the district court aptly put it, "The Defendant has not produced any evidence which demonstrates that the Government possesses an unconstitutional motive in not moving for a reduction in the Defendant's sentence." Memorandum Opinion and Order, March 30, 2000, at 3.

Accordingly, the judgment of the district court is affirmed.