**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Alan STROH, Defendant–Appellant.**

**No. 01–2528.**

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

Robert Alan Stroh, a federal prisoner proceeding pro se, appeals a district court order denying his motion for departure and/or modification of judgment of sentence filed pursuant to Fed.R.Crim.P. 35(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Stroh pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced on September 14, 2001, to 57 months in prison and three years of supervised release. The amended judgment was entered on September 27, 2001. Stroh did not appeal.

Instead, on October 22, 2001, Stroh filed a motion for departure or modification of judgment, citing USSG § 5K1.1 and/or Rule 35(b). In that motion, he argued that: (1) he should receive a downward adjustment for acceptance of responsibility; (2) he provided the government with a detailed account of his illegal activities; (3) his criminal history category should be II due to the lack of an "extensive" prior record; (4) he began drinking due to his mother's death and because of his thyroid cancer; (5) his family remains supportive and so he requests only the "two years mandated;" (6) he has an established history of health problems, possibly of genetic origin; (7) he successfully completed an inpatient program at a halfway house; (8) he has begun outpatient counseling; and (9) his personal gun collection consisted of legally-obtained firearms, including family mementoes. For these reasons, Stroh requested "alternative incarceration."

The district court summarily denied Stroh's motion in an order entered on October 25, 2001. The district court noted that § 5K1.1 was applicable only at sentencing and that a prerequisite for relief under Rule 35(b) is the filing of a substantial assistance motion by the government. Because the government had not filed such a motion, the district court could not grant relief.

On appeal, Stroh argues that: (1) the fact that his firearms were a gun collection should have been taken into account at sentencing; and (2) a government motion was not required for relief under Rule 35(b).

Upon review, we affirm the district court's order for the reasons stated therein. A district court's decision to grant or deny a motion under Rule 35(b) is reviewed for abuse of discretion. *United States v. Griffin,* 17 F.3d 269, 270 (8th Cir.1994); *United States v. Brummett,* 786 F.2d 720, 723 (6th Cir.1986) (version of Rule 35 applicable to offenses committed prior to Nov. 1, 1987). An abuse of discretion exists where this court is firmly convinced that a mistake has occurred, *Harrison v. Metro. Gov't,* 80 F.3d 1107, 1112–13 (6th Cir.1996), or where a district court has relied upon clearly erroneous findings. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995).

Stroh does not raise on appeal his issues regarding § 5K1.1, acceptance of responsibility, criminal history category, counseling efforts, and other mitigating circumstances. Those issues are, therefore, considered to be abandoned and are not reviewable. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). In any event, the district court correctly observed that these are factors to be considered at sentencing and do not permit the court to depart from a previously imposed judgment of sentence.

Stroh does continue to argue that the guns that formed the basis of his convic-

tion were part of a gun collection and that many of which had never been fired. Insofar as this is a plea for a lesser sentence, it should have been presented to the district court at his sentencing hearing and then in a direct appeal. Insofar as this is a challenge to his conviction under the statute, Rule 35 does not provide a vehicle for a defendant to attack his conviction. *United States v. Willis*, 804 F.2d 961, 964 (6th Cir.1986).

Stroh also asserts that the district court should consider his assistance to the government and grant him a substantial assistance reduction even in the absence of a government motion. This issue is without merit. In addressing the substantial assistance question under § 5K1.1, the Supreme Court held that a district court lacks the authority to effect a "substantial assistance" sentencing reduction in the absence of the appropriate government motion. *See Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). The Court also noted that the government is vested with the power, but not the duty, to make the motion, subject only to a review for unconstitutional motives for the failure to so file. *Id.* at 183–86, 112 S.Ct. 1840.

In the instant case, the government has not made a Rule 35(b) motion and Stroh has supplied no evidence that this decision was based upon an unconstitutional motive. Absent the appropriate government motion, the district court lacked authority to consider Stroh's motion. *See United States v. Blackwell*, 81 F.3d 945, 948 (10th Cir.1996); *United States v. Early*, 27 F.3d 140, 141 (5th Cir.1994); *United States v. Monus*, 20 Fed.Appx. 511 (6th Cir.2001) (unpublished) ("By its express terms, only the government can bring a Rule 35(b) motion").

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.