UNITED STATES of America, Plaintiff–Appellee,

v.

Dwight CAMPBELL, Defendant–Appellant.

No. 03–1260.

United States Court of Appeals, Sixth Circuit.

April 28, 2004.

Michael Mueller, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Dwight Campbell, Inez, KY, pro se.

Before SUHRHEINRICH, GIBBONS, and SUTTON, Circuit Judges.

### ORDER

Dwight Campbell, a pro se federal prisoner, appeals a district court judgment denying his Fed.R.Crim.P. 35(b) motion, his Fed.R.Civ.P. 52(b) motion, and his motion for the return of property. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Campbell pleaded guilty to conspiring to possess with intent to distribute and conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1) and also to aiding and abetting money laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(i). He was sentenced to a total of 186 months in prison on June 15, 1998. A panel of this court affirmed his convictions and sentence on direct appeal in *United States v. Campbell,* Nos. 98–1782 98–2174, 2000 WL 1597858 (6th Cir. Oct. 19, 2000) (unpublished).

In his Rule 35(b) and 52(b) motions, both filed in June of 2002, Campbell argued that his sentence violated the plea agreement and should be reduced because he had provided substantial assistance to the government. In his motion for the return of property, Campbell sought the return of an electronic money counter seized by the government. A magistrate judge reviewed the government's responses and recommended dismissing all three motions, reasoning that the government had not unreasonably refused to file a Rule 35(b) motion, that no relief was available under either Fed.R.Civ.P. 52(b) or Fed. R.Crim.P. 52(b), and that the government had a continuing interest in the money counter. Upon de novo review and over Campbell's objections, the district court adopted the magistrate judge's report and recommendation and denied all three motions.

Campbell has filed an appeal, arguing that he was entitled to a lower sentence and to the return of his property. He also moves for the appointment of counsel.

 Upon review, we conclude that the district court did not abuse its discretion by denying the Rule 35(b) motion. *See United States v. Stroh,* 48 Fed.Appx. 991, 992 (6th Cir.2002) (applying former version

of Rule 35(b)). Under the plain language of Rule 35, a district court generally lacks authority to consider granting a downward departure in the absence of a government motion. *See id.* at 993. Furthermore, the government's refusal to file a Rule 35(b) motion is subject to limited review. If in a plea agreement the government reserves complete discretion to determine whether a substantial assistance motion is appropriate, then a court only may review the government's refusal to file such a motion for unconstitutional motives. *United States v. Benjamin,* 138 F.3d 1069, 1073 (6th Cir.1998) (citing *Wade v. United States,* 504 U.S. 181, 183–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992)); *see also Stroh,* 48 Fed.Appx. at 993. But if the government bargains away its discretion and promises to make a substantial assistance motion, then a court also has the authority to determine if a breach occurred. *Benjamin,* 138 F.3d at 1073–74.

Campbell failed to produce any evidence, or even allege, that the government's refusal was based on unconstitutional motives. The government did not breach the plea agreement, but moved for a downward departure pursuant to USSG § 5K1.1 at sentencing and recommended, albeit unsuccessfully, a prison sentence of 12 years based on Campbell's assistance in the prosecution of a drug dealer, Patrick Boyd. After sentencing, Campbell merely provided assistance in locating Boyd for arrest and the government reasonably concluded that the information did not warrant moving for a further downward departure.

Campbell likewise is not entitled to a sentence reduction pursuant to Fed. R.Civ.P. 52(b). If Campbell literally intended to raise this argument under a civil rule, his argument fails because the Federal Rules of Civil Procedure do not apply to criminal proceedings. *See* Fed.R.Civ.P. 1; *United States v. Mosavi,* 138 F.3d 1365,

1366 (11th Cir.1998). If, however, the motion is construed as filed pursuant to Fed. R.Crim.P. 52(b), Campbell's argument fails because the rule does not empower a district court to review an allegation of error in a prior criminal proceeding. *United States v. Sanford,* No. 93–3821, 1994 WL 102998, at \*1 (6th Cir. Mar.25, 1994) (unpublished).

The district court did not abuse its discretion by denying Campbell's motion for the return of property. *See United States v. Duncan,* 918 F.2d 647, 654 (6th Cir.1990). The government's potential need for the money counter in the event of a re-trial of Campbell's co-defendant, Robert Campbell, constitutes a continuing, legitimate interest until the conclusion of the co-defendant's 28 U.S.C. § 2255 proceedings. *See id.*

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.