**Floyd SMALL, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–5767.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

Floyd Small, Forrest City, AR, pro se.

Before KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

## ORDER

Floyd Small, a pro se federal prisoner, appeals a district court judgment dismissing his motion construed as a hybrid 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, and a Fed.R.Crim.P. 35(b) motion to reduce sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Without benefit of a written plea agreement, Small pleaded guilty in 1992 to conspiring to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846. At sentencing in 1993, the district court granted the government's USSG § 5K1.1 motion, departed downward from the guidelines range of 235 to 293 months, and sentenced Small to 144 months in prison. Small did not file a direct appeal.

In March 2002, Small filed the instant motion, entitled "Petitioner moves to dismiss indictment base[d] on government's breach of contract, or motion to withdraw guilty plea entered." Small essentially asserted that the government breached an agreement to permit him to remain free to conduct controlled drug buys and to then move for a further reduction in his sentence. The district court sua sponte dismissed the motion, reasoning that it was untimely under 28 U.S.C. § 2255 and that the court lacked jurisdiction to grant relief under Fed.R.Crim.P. 35(b).

In his timely appeal, Small reasserts his claim and newly argues that trial counsel rendered ineffective assistance by not objecting to the breach of the plea agreement.

As a preliminary matter, we note that the district court declined to issue a certificate of appealability under § 2255 and this court did likewise. Thus, only the portion of the district court's order denying relief under Rule 35 will be reviewed.

We also decline to address Small's claim of ineffective assistance because he did not raise it below and no exceptional circumstances exist which would justify review. *See Enertech Elec., Inc. v. Mahoning*

---

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

*County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996).

We review a district court's decision to grant or deny a motion under Rule 35(b) for an abuse of discretion. *United States v. Stroh,* 48 Fed.Appx. 991, 992 (6th Cir. 2002); *United States v. Griffin,* 17 F.3d 269, 270 (8th Cir.1994); *United States v. Brummett,* 786 F.2d 720, 723 (6th Cir. 1986) (applying version of Rule 35 applicable to offenses committed prior to Nov. 1, 1987).

Under the plain language of Rule 35, a district court generally lacks authority to consider granting a downward departure in the absence of a government motion. *See Stroh,* 48 Fed.Appx. at 993; *United States v. Monus,* 20 Fed.Appx. 511, 512 (6th Cir.2001); *United States v. Blackwell,* 81 F.3d 945, 948 (10th Cir.1996); *United States v. Early,* 27 F.3d 140, 141 (5th Cir.1994). Furthermore, the government's refusal to file a Rule 35(b) motion is subject to limited review. If in a plea agreement the government reserves complete discretion to determine whether a substantial assistance motion is appropriate, then a court may only review the government's refusal to file such a motion for unconstitutional motives. *United States v. Benjamin,* 138 F.3d 1069, 1073 (6th Cir.1998) (citing *Wade v. United States,* 504 U.S. 181, 183–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992)); *see also Stroh,* 48 Fed.Appx. at 993; *Monus,* 20 Fed.Appx. at 512. But if the government bargains away its discretion and promises to make a substantial assistance motion, then a court also has the authority to determine if a breach occurred. *Benjamin,* 138 F.3d at 1073–74. A government's decision not to file a motion may not be reviewed for bad faith in this circuit. *United States v. Moore,* 225 F.3d 637, 641 (6th Cir.2000).

The district court did not abuse its discretion by denying Small's motion. First, the government did not file the instant Rule 35(b) motion. Second, Small failed to produce any evidence, or even allege, that the government's refusal was based on unconstitutional motives. Third, the only agreement Small has shown is an agreement by the United States Attorney to "consider making a Rule 35(b) motion for post-sentence substantial assistance." Small's basis for claiming entitlement to such a Rule 35(b) motion is assistance in a prosecution in the United States District Court in Utah in connection with an attempt to murder a witness. As a result of Small's assistance there, the United States Attorney in Utah recommended to the United States Attorney in Tennessee that he file a Rule 35(b) motion on Small's behalf. He has not done so. Nor is he legally obligated to do so.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.