NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1031n.06

No. 11-6250

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
***Sep 26, 2012***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CLIFTON MAXWELL, aka Mugsy, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |

Before:  SILER, COOK, Circuit Judges and STEEH, District Judge.[*]

STEEH, District Judge.  Clifton Maxwell challenges the denial of his motion to reconsider and reopen for hearing his request for a sentence reduction under Federal Rule of Criminal Procedure 35.  We reject his argument and affirm.

I.

Maxwell pled guilty to a drug trafficking offense and possession of firearms.  Two prior felony drug convictions supported a statutorily mandated life imprisonment for the drug offense. A consecutive mandatory minimum of five years' imprisonment applied to the firearm offense. However, because of Maxwell's substantial assistance in a murder trial, the government filed a motion, pursuant to United States Sentencing Guidelines § 5K1.1, for downward departure and

---

[*]The Honorable George C. Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

recommended a sentence within the Guidelines range that would have applied absent the mandatory minimum; i.e., 292 to 365 months for the drug offense, plus five consecutive years for the firearm offense. The district court granted the government's motion for downward departure and selected a sentence at the middle of the recommended range—328 months for the drug charge, followed by 60 months for the firearm offense. The district court noted that it would consider a further sentence reduction later if the government filed a motion under Federal Rule of Criminal Procedure 35, and if Maxwell continued to assist the government.

Although Maxwell was not ultimately required to testify at trial, he continued to provide substantial assistance. The government sought further reduction of Maxwell's sentence under Rule 35(b)(2)(C), and proposed a sentence of 272 months followed by a mandatory 60-month term for his firearm offense. The district court granted the government's motion.

Maxwell now contends that the district court "violated the law when it merely rubber stamped the government's reduction in sentence recommendation . . . rather than making an independent assessment of the nature, extent, and value of the cooperation."

## II.

We review the district court's decision to grant the government's Rule 35 motion and to deny Maxwell's motion for reconsideration and an evidentiary hearing for an abuse of discretion. *Shropshire v. United States*, 278 F. App'x 520, 526 (6th Cir. 2008); *Small v. United States*, 100 F. App'x 504, 506 (6th Cir. 2004); *United States v. Moran*, 325 F.3d 790, 794 (6th Cir. 2003); *United States v. Brummett*, 786 F.2d 720, 723 (6th Cir. 1986).

Maxwell relies on *United States v. Grant*, 636 F.3d 803, 816 (6th Cir. 2011) (*en banc*) to argue that the discretion enjoyed by a district court in deciding a Rule 35(b) motion does not allow the court to simply rubber stamp the government's reduction recommendation, as that practice could mean that a prosecutor rather than a neutral magistrate controls the sentencing process. *Grant*, 636 F.3d at 819 (Merritt, J., concurring opinion). We find nothing in the record to indicate that the district court failed to exercise its independent judgment in determining the value of Maxwell's assistance when it agreed with the government. Merely agreeing with the government's assessment of the value of a defendant's assistance—particularly when the defendant has not provided his own recommendation concerning the value of that assistance and does not dispute the government's description of his assistance—does not amount to an unlawful ceding of authority. We stated in *Grant* that the district court's determination on a Rule 35 motion "is discretionary, as is the extent of any reduction given," and that the district court retains "broad discretion . . . in valuing [that] assistance." *Id.* at 816. In the absence of evidence to the contrary, we hold that the district court acted within its broad discretion in granting the motion.

Maxwell also contends that the district court was unaware of its discretion to sentence below the government's recommendation. Based on the hearing transcript from the sentencing, it appears that the district court fully appreciated its authority to deny or disagree with the government's requests for sentence reduction. ("I was strongly inclined to simply deny any motion for downward departure, which I have the discretion to do.")

Maxwell faults the district court for "rel[ying] solely on the information submitted by the government," but does not contest the accuracy of that information or otherwise contend that it did

not fully reflect his assistance to law enforcement. No abuse of discretion was committed by the district court in relying upon undisputed and accurate information to rule upon the motion.

Last, Maxwell contests the district court's denial of his motion for reconsideration and an evidentiary hearing. He asserts that counsel formerly in the case had intended a much greater sentence reduction. Nothing in the record suggests that the district court abused its discretion in denying the motion. Maxwell neither disputed the accuracy of the government's description of his post-sentencing assistance nor alleged that he provided additional assistance that the district court should consider. In fact, he simply disagreed with the district court's assessment of the sentencing reduction he should receive for that assistance. Prior counsel's intentions would have been irrelevant to the district court's assessment of the value of Maxwell's post-sentencing assistance. Furthermore, an evidentiary hearing is not required to decide a Rule 35 motion. *United States v. Moran*, 325 F.3d 790, 794 (6th Cir. 2003); *accord. United States v. Brummett*, 786 F.2d 720, 723 (6th Cir. 1986).

The district court acted within its sound discretion in ordering a sentence reduction as recommended by the government's Rule 35 motion and correctly denied Maxwell's motion for reconsideration and an evidentiary hearing. Its judgment is **AFFIRMED**.