RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0019p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

███████████,

*Defendant-Appellant.*

No. 19-████

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 5:14-cr-████—Danny C. Reeves, District Judge.

Decided and Filed:  January 26, 2021

Before:  BATCHELDER, MOORE, and ROGERS, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:**  William W. Webb, Jr., EDMISTEN & WEBB LAW, Raleigh, North Carolina, for Appellant. John Patrick Grant, Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

ROGERS, J., delivered the opinion of the court in which MOORE, J., joined. BATCHELDER, J. (pp. 7–8), delivered a separate dissenting opinion.

_____

### REDACTED OPINION

_____

ROGERS, Circuit Judge.  ████████ ███████, who is currently serving a federal prison sentence, provided substantial assistance to the Government in a murder investigation regarding a fellow inmate.  ████████'s help allowed the Government to solve the murder case and have a

prosecutable case. The Government in turn recommended that the district court reduce ███'s sentence by 12 to 18 months. The court decided on the same day that the Government filed its motion for a sentence reduction that a 12-month reduction was appropriate. However, the district court erred by not allowing ███ the opportunity to respond to the Government's motion.

███ pleaded guilty in the Eastern District of Kentucky in 2014 to possession with intent to distribute Oxycodone in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 150 months' imprisonment. While serving his sentence at a federal correctional institution in North Carolina, ███ and a fellow inmate also from Kentucky became confidants of a third inmate, ███ ███. ███ learned that ███, who was then serving a sentence for fraud offenses, was suspected of being involved in the murder of his adopted daughter, ███ ███. In 2015, ███ told ███ and the other prisoner that "if you ever want to get rid of a body, hogs is the way to go" and that "it was easy to kill someone without leaving evidence." ███ told the FBI and police about ███' comments and informed them that he believed that he and the other inmate could obtain additional information from ███ about what happened to ███. ███ and the other inmate urged ███ to tell law enforcement the truth about what happened to ███. In August 2016, ███ confessed to the police that he and his wife, ███ ███, killed ███ and disposed of her body. ███ told the police that his "Kentucky guys," referring to ███ and the other inmate, had told ███ that he needed to tell the truth. Subsequently, ███ led the police to where he and his wife had disposed of ███'s body. ███ and his wife were then charged with ███'s murder. ███ pleaded guilty and was sentenced to life imprisonment. According to the Government's motion, ███ ███ was scheduled for trial in April 2020 and the state was seeking the death penalty.[1]

On September 4, 2019, the Government filed a motion to reduce ███'s sentence pursuant to Federal Rule of Criminal Procedure 35(b) based on his substantial assistance in

---

[1]Later news reports indicate that ███ ███ pleaded guilty.

solving the murder case. The Government stated that ████' "confession on August 11 and 16, 2016, to murdering and concealing the body of his adoptive daughter ████ ████ was the key to solving the crime and having a prosecutable case." The Government acknowledged that "████ ████ was clear that his decision to be truthful with law enforcement was due in part to the encouragement he received from ████ ████." Accordingly, the Government asserted that ████'s "efforts to encourage ████ ████ to be truthful certainly constitute 'substantial assistance' in the investigation of an offense committed by another person." Thus, the Government recommended that the district court reduce ████'s prison sentence by 12 to 18 months.

The district court granted the Government's motion the same day that the motion was filed, September 4, 2019. The court recognized that ████ helped persuade ████ ████ to tell the truth about what happened to ████ ████, which allowed law enforcement to solve ████'s murder and to prosecute ████ ████ for her murder. The court concluded that ████ therefore provided substantial assistance and reduced ████'s prison sentence by 12 months.

████ appeals the district court's order. He argues first that the district court erred in ruling without giving him the opportunity to present evidence and argument, and second that in any event the district court abused its discretion in ordering a reduction of only 12 months. Because a remand is warranted on his first argument, we do not reach his second argument.

We have jurisdiction over this appeal under 18 U.S.C. § 1291, because ████'s reduced sentence was a final judgment issued by the district court. *See United States v. Marshall*, 954 F.3d 823, 827 (6th Cir. 2020). In *Marshall*, we recognized that before Congress enacted 18 U.S.C. § 3742, federal courts used § 1291 to review criminal appeals. 954 F.3d at 827 (citing *Abney v. United States*, 431 U.S. 651, 657 (1977)). As the Supreme Court cautioned in *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510-13 (2006), we must exercise care in characterizing federal statutes as limiting federal courts' subject-matter jurisdiction. To that end, we reasoned in *Marshall* that "§ 3742(a) imposes a mandatory limit on our power, not a subject-matter

jurisdiction limit on our power." 954 F.3d at 827. Thus, § 1291 "remains the main source of our subject-matter jurisdiction" in this appeal. *Id.* at 829.

████ contends that the district court erred as a matter of law in reducing his sentence by only 12 months, without first giving him the chance to present an argument that a greater reduction was warranted. He also argues that the district court erred in applying the relevant factors for determining the extent of the reduction. We reach only the former question on this appeal. It presents the legal issue of whether such a chance to present argument was required by law, and thus fits under § 3742(a)(1), which permits appellate review of a sentence that "was imposed in violation of law." This conclusion is supported by *United States v. Grant*, 636 F. 3d 803, 809 (6th Cir. 2011) (en banc), where we held that § 3742(a)(1) permitted our review over Grant's reduced sentence because he argued that "the methodology the district court used to impose his sentence was in violation of the law." In that case, Grant argued that the district court "committed an error of law by misapprehending the [18 U.S.C. § 3553(a) sentencing] factors it was allowed to consider in deciding the Rule 35(b) motion." *Id.* Because Grant challenged the methodology the district court used to reduce his sentence, not merely the extent of the reduction, we concluded that Grant's appeal came within the scope of 18 U.S.C. § 3742(a)(1). *Id.* Other circuits have held that appellate review of a Rule 35(b) determination is within the scope of § 3742(a)(1) to review comparable legal issues. *See, e.g.*, *United States v. Davis*, 679 F.3d 190, 194 (4th Cir. 2012) (whether a hearing was required); *United States v. Doe*, 351 F.3d 929, 932 (9th Cir. 2003) (whether improper factors were considered); *United States v. McDowell*, 117 F.3d 974, 978 (7th Cir. 1997) (same).

The district court erred as a matter of law in granting the Government's Rule 35(b) motion and reducing ████'s sentence by only 12 months without giving ████ an opportunity to respond to the Government's motion. In granting the Government's motion and deciding on the amount of reduction on the same day that the motion was filed, the court denied ████ an opportunity to provide his own recommendation and present argument and accompanying evidence regarding the sentence reduction that he believed was warranted for his substantial assistance. ████ asserts that he compiled evidence regarding the nature and value

of his assistance to law enforcement in the investigation and prosecution of ████. ████ also states that he obtained letters from correctional institution employees regarding the threat to his safety posed by his having aided law enforcement and about ████'s rehabilitation in prison. In addition, ████ states that he has an affidavit from his wife about the hardship his family experienced during the investigation and prosecution of ████. But ████ never had the opportunity to present this information to the district court.

We have implicitly approved of permitting substantial assisters to provide their own recommendation concerning the value of the assistance provided and to dispute the Government's description of the assistance. Moreover, we have never called into question the ability of substantial assisters to file a response to the Government's Rule 35(b) motion in district court when considering appeals in which this has occurred. *See, e.g.*, *Grant*, 636 F.3d at 808. Also, we alluded in *United States v. Maxwell* to the fact that a substantial assister may file a response when we concluded that a court does not, merely by agreeing with the Government's assessment of the value of the assistance provided, thereby disavow its statutory discretion, "particularly when the defendant has not provided his own recommendation concerning the value of that assistance and does not dispute the government's description of his assistance." *See* 501 F. App'x 394, 396 (6th Cir. 2012).

*Grant* and *Maxwell* support if not compel the legal conclusion that a defendant must have the chance to file a response to a Rule 35(b) motion. Like Grant, ████ collected substantial evidence from the FBI and others demonstrating that the extent of his assistance, coupled with the threat to his personal safety and hardship to his family, warranted a greater reduction in light of the applicable sentencing factors. *Maxwell*, an unpublished opinion, does not preclude our holding that defendant must have the chance to argue in favor of a greater reduction. In *Maxwell* we rejected on the merits the assertion that the district court did not appreciate its authority to disagree with the government's requests. *Maxwell*, 501 F. App'x at 396. We then rejected Maxwell's argument that the district court had abused its discretion in its decision not to give a lower sentence. *Id.* The reasoning is perfectly consistent with requiring at least the chance to advocate a larger reduction. To the extent that *Maxwell* says anything about when a defendant is

not afforded an opportunity to object, the case is entirely distinguishable. The district court in *Maxwell* ruled on the Government's Rule 35(b) motion seven weeks after it was filed, during which time Maxwell filed no response. Shortly thereafter, Maxwell moved for reconsideration, which the district court did not rule on until eight weeks later. Thus, there is no indication that the district court simply declined to consider the input of the defendant. The district court provided Maxwell with ample opportunity to respond to the Government's motion. In contrast, in ███'s case the district court issued its decision on the same day the Government filed its Rule 35(b) motion.

███ was entitled to have the opportunity to express his position on the Government's motion through a response as long as the response was timely. In the Eastern District of Kentucky, the applicable local rules allow a party to file a response within 14 days, unless otherwise ordered by the court. *See* Joint Ky. Crim. Prac. R. 47.1. The opportunity to present his position by filing a response is especially important because "district courts are not required to hold hearings on Rule 35(b) motions." *United States v. Moran*, 325 F.3d 790, 794 (6th Cir. 2003). Accordingly, the district court erred in not adhering to the regular motions practice timeline and effectively precluding ███ from having the ability to respond to the Government's motion.

███ has not shown, however, that the case should be reassigned to a different judge on remand. No bias has been shown by the district court's decision to reduce ███'s sentence by only 12 months, or by the district court's denial of other unrelated motions, or by any comments that undermine the appearance of justice. Reassignment is an extraordinary power that should be rarely invoked. *See U.S. ex rel. Williams v. Renal Care Grp., Inc.*, 696 F.3d 518, 533 (6th Cir. 2012). We have full confidence that the district court on remand will give fair consideration to whatever defendant properly submits.

Accordingly, we vacate the district court's order, but deny the request for reassignment. We remand the case to the district court for further proceedings consistent with this opinion.

---

**REDACTED DISSENT**

---

BATCHELDER, Circuit Judge, dissenting.  Because the majority remanded ███'s appeal when it should have instead dismissed it, I respectfully dissent.

Under 18 U.S.C. § 3742(a)(1), ███ can appeal his sentence only if his reduced sentence was "imposed in violation of the law."  Absent such a violation, we are barred from granting ███ relief. *United States v. Marshall*, 954 F.3d 823, 826 (6th Cir. 2020) ("§ 3742(a) imposes a mandatory limit on our power"). I disagree with the majority that the district court violated the law by granting the government's Federal Rule of Criminal Procedure 35(b) motion without providing ███ an opportunity to respond.

Under Rule 35(b), "upon the government's motion . . . the court may reduce a [defendant's] sentence" if that defendant provided substantial assistance in investigating or prosecuting another person.  Fed. R. Crim. P. 35(b).  The government is under no obligation to file a Rule 35(b) motion, and, if it does, the sentencing court is by no means required to grant that motion.  *See United States v. Grant*, 636 F.3d 803, 816 (6th Cir. 2011) (en banc). Furthermore, a defendant has no right to move the court for a reduced sentence or to reply to the government's motion.  *See id.*; *United States v. McMahan*, 872 F.3d 717, 718 (5th Cir. 2017) ("On its face, Rule 35(b) contains no right to notice and a hearing.").  It follows that the constrained nature of Rule 35(b) proceedings—and the fact that a defendant faces no new threat of liberty loss—relieves the district court from administering adjudicatory formalities such as notifying the defendant of the government's motion or permitting the defendant to respond.  *See* Fed. R. Crim. P. 43(b)(3) ("[a] defendant need not be present . . . [where t]he proceeding involves the correction or reduction of sentence under Rule 35"); *McMahan*, 872 F.3d. at 721.

The majority concludes that both the Eastern District of Kentucky's local rules and our precedents permit substantial assisters to provide their own reduction recommendations and dispute the government's.  But granting permission is a far cry from creating a right.

First, the Eastern District of Kentucky's applicable local criminal rule does not give a defendant a right to file a response motion—it merely outlines a defendant's time for filing such a motion. *See* Joint Ky. Crim. Prac. R. 47.1 ("Unless otherwise ordered by the Court, a party opposing a motion must file a response within 14 days of service of the motion."). What is more, Local Rule 47.1, when "construed to be consistent with the Federal Rules of Criminal Procedure," seems inapplicable to unilateral motions such as those filed under Rule 35(b). Joint Ky. Crim. Prac. R. 1.1.

Second, our precedents do not obligate the district court to permit a Rule 35(b) response. To be sure, I agree with the majority that we have approved of permitting substantial assisters to provide their own recommendation. *See Grant,* 636 F.3d at 808. But, by the same token, we have never held that a defendant has an absolute right to respond to the government's Rule 35(b) motion. In fact, we have affirmed district courts that have ruled without considering a Rule 35(b) response, especially when the defendant neither "dispute[s] the accuracy of the of the government's description of his post-sentencing assistance nor allege[s] that he provided additional assistance that the district court should consider." *United States v. Maxwell*, 501 F. App'x 394, 397 (6th Cir. 2012).

Given the highly discretionary nature of Rule 35(b) proceedings and the lack of authority proscribing a district court from ruling without a defendant's Rule 35(b) response, I cannot agree that the district court violated the law. I would dismiss ███'s appeal for want of an appealable issue.