KAREN NELSON MOORE, Circuit Judge,
dissenting.
Because the district court’s consideration of Harris’s past violent conduct in its weighing of the § 3553(a) factors did not affect Harris’s substantial rights, I respectfully dissent. When the district court sentences a defendant below the statutory minimum pursuant to a § 3553(e) motion, its sentencing determination is limited to an analysis of the defendant’s cooperation and the extent that the sentence should be reduced based on the context surrounding each case. See United States v. Grant, 636 F.3d 803, 816-18 (6th Cir.2011) (en banc), petition for cert, filed, — U.S.L.W. - (U.S. Apr. 11, 2011) (No. 10-10011). A defendant’s criminal history is a “contextual consideration[ ]” that the district court may consider when determining the extent that a sentence should be reduced for the defendant’s assistance. See id. at 817. Therefore, the district court’s consideration of Harris’s criminal history did not affect Harris’s substantial rights and is not remediable plain error.
Instead of focusing on Harris’s specific argument regarding his criminal history, the majority “construe[s] Harris’s claim as a challenge to the district court’s consideration of [the § 3553(a) ] factors generally.” Maj. Op. at 547. The majority’s reasoning for taking this broad perspective of Harris’s claim is the government’s acknowledgment that the district court should not have sentenced Harris based on a § 3553(a) analysis. The government, however, acknowledges that the district court should not have sentenced Harris based on § 3553(a), yet asks us to affirm the sentence. Appellee Br. at 15 & n. 2. I would consider only the specific claim raised by Harris regarding his criminal history and would conclude that the district court’s consideration of his criminal history is not remediable plain error.
For these reasons, I respectfully dissent.