NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0524n.06

No. 13-2558

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 16, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                )
                                         )
    **Plaintiff-Appellee,**              )          ON APPEAL FROM THE
                                         )          UNITED STATES DISTRICT
v.                                       )          COURT FOR THE WESTERN
                                         )          DISTRICT OF MICHIGAN
EDGAR CORTES-JIMENEZ,                     )
                                         )
    **Defendant-Appellant.**             )          **OPINION**
                                         )

Before:  MOORE and McKEAGUE, Circuit Judges; STAFFORD, District Judge.[*]

**KAREN NELSON MOORE, Circuit Judge.**  Defendant-appellant Edgar Cortes-Jimenez ("Cortes-Jimenez") seeks review of the denial of a cultural-assimilation departure under United States Sentencing Guidelines § 2L1.2, Application Note 8.  We AFFIRM Cortes-Jimenez's sentence.

In 2007, Cortes-Jimenez was convicted of assault with intent to commit sexual penetration.  R. 23 (Pre-Sentence Report at ¶ 31) (Page ID #51).  On February 17, 2009, while still on probation Cortes-Jimenez was arrested for domestic violence; on April 21, 2009, an order of *nolle prosequi* was entered.  *Id.* at ¶ 36 (Page ID #52).  Cortes-Jimenez was ordered removed from the United States on June 23, 2009, and was removed on June 30, 2009; due to the nature of his criminal conviction, he received a lifetime bar on re-entering the United States.  *Id.* at ¶ 9–10 (Page ID #48–49); R. 29 (Change of Plea Tr. at 25) (Page ID #105).

_____

[*]The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

Cortes-Jimenez re-entered the United States between six and twelve months after he was deported. R. 23 (Pre-Sentence Report at ¶ 15) (Page ID #49). On July 15, 2013, Cortes-Jimenez was arrested and charged with unlawful re-entry by an individual previously convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a), (b)(2) and 1101(a)(43)(A), (U). *Id.* at ¶ 12 (Page ID #49); R. 1. (Indictment at 1) (Page ID #1). Cortes-Jimenez pleaded guilty to the violation of 8 U.S.C. §§ 1326(a), (b)(2). R. 29 (Change of Plea Tr. at 26–27) (Page ID #106–07). The Pre-Sentence Report calculated a suggested range under the United States Sentencing Guidelines of fifteen to twenty-one months of imprisonment. R. 23 (Pre-Sentence Report at ¶ 27, 33, 50) (Page ID #50, 52, 54). Cortes-Jimenez filed a Sentencing Memorandum requesting a downward departure based on cultural assimilation under United States Sentencing Guidelines § 2L1.2. Application Note 8 to § 2L1.2 states that a downward departure on the basis of cultural assimilation may be appropriate in some cases:

> Such a departure should be considered only in cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.
> In determining whether such a departure is appropriate, the court should consider, among other things, (1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States, (6) the seriousness of the defendant's criminal history, and (7) whether the defendant engaged in additional criminal activity after illegally reentering the United States.

United States Sentencing Guidelines § 2L1.2, Application Note 8.  Cortes-Jimenez argued that a cultural-assimilation departure was warranted because he had been in the United States since he was eight years old, he had graduated from high school, he had obtained a medical assistant certification from Everest Institute, his mother and siblings were in the United States, and he had started his own family in the United States.  R. 24 (Sentencing Mem. at 4) (Page ID #62).  Cortes-Jimenez married in 2007; he and his wife have two young children together and he also cares for her child from a previous relationship as his son.  R. 23 (Pre-Sentence Report at ¶ 43) (Page ID #54).  His wife and children planned to move to Mexico with Cortes-Jimenez after he was deported in order to be together as a family.  R. 24 (Sentencing Mem. at 4) (Page ID #62).

At sentencing, counsel for Cortes-Jimenez reviewed the factors supporting the cultural-assimilation departure.  In allocution, Cortes-Jimenez explained that "the reason for my re-entry was that I been here in this country for over 20 years, that's two-thirds of my life, and I consider this country as my home.  In addition, I could not bear to see my family torn apart since I have strong values.  I did what I had to do to be with my family, my three kids, my mom, and my siblings."  R. 30 (Sentencing Tr. at 7–8) (Page ID #115–16).  With regard to the cultural-assimilation departure, the district court noted that "to a certain extent the defendant does meet the criteria for that" because he was brought to the United States at age eight by his family "through no action of his own," was abused as a child, and considers the United States his country.  *Id.* at 12-13 (Page ID #120–21).  However, the district court denied the departure "because [it] cannot conclude based on this record that a departure is not likely to increase the

risk to the public from further crimes of the defendant." The district court noted "a pattern here [of] violation of the law, continued violation of the law, and then a return to the commission of a felony, and then a return to the United States." *Id.* at 13 (Page ID #121). The district court expressed concern "that there is a distinct likelihood of a re-offense" should Cortez-Jimenez's family decide not to move to, or stay in, Mexico. *Id.* at 13 (Page ID #121). Accordingly, the district court denied the downward departure and ordered a sentence of fifteen months of imprisonment, at the bottom of the Guidelines range. *Id.* at 15 (Page ID #123). Cortes-Jimenez timely appealed his sentence.

We have jurisdiction to review a final sentence that a criminal defendant argues was imposed in violation of the law. *United States v. Grant*, 636 F.3d 803, 809 (6th Cir. 2011) (en banc); 18 U.S.C. § 3742(a)(1), (2). Cortes-Jimenez argues that the district court committed legal error by improperly treating the familial ties factor of the cultural-assimilation departure as a factor that weighed against granting the departure, rather than in favor of granting the departure. Accordingly, we have jurisdiction to review his appeal pursuant to 18 U.S.C. § 3742.

We conclude that the district court did not commit legal error in interpreting the factors relevant to a departure based on cultural assimilation. The district court did not deny the departure simply because Cortes-Jimenez has family in the United States. The district court denied the departure because Cortes-Jimenez's pattern of unlawful activity created "a distinct likelihood of a re-offense" should his family decide not to stay in Mexico. R. 30 (Sentencing Tr. at 13) (Page ID #121). It is not the fact that Cortes-Jimenez has family in the United States but

4

rather his past actions, particularly his previous return to the United States within a few months of deportation, which led the district court to deny the cultural-assimilation departure. Because the district court did not commit legal error in its interpretation of the cultural-assimilation-departure factors, we affirm Cortes-Jimenez's sentence.

For the foregoing reasons, we **AFFIRM** the district court.