**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Amber Nicole FLOWERS; Timothy Joe**
**Swallows, Defendants–Appellants.**

**Nos. 14–6492, 15–5213.**

United States Court of Appeals,
Sixth Circuit.

Feb. 2, 2016.

BEFORE: COLE, Chief Judge; SUHRHEINRICH and ROGERS, Circuit Judges.

## OPINION

COLE, Chief Judge.

Amber Nicole Flowers and Timothy Joe Swallows pleaded guilty to aiding and abetting the possession with intent to distribute methamphetamine. Flowers received 77 months' imprisonment, after providing substantial assistance to the government, and Swallows received 262 months' imprisonment, after accounting for his career-offender status. Both defendants now appeal their sentences. We affirm.

### I.

In June 2012, a local sheriff's deputy pulled Swallows over for speeding in Bradley County, Tennessee. Flowers was in the passenger seat. As the officer approached the driver's-side door, he noticed a "strong odor of alcohol emanating from

the vehicle." The officer asked Swallows to exit the vehicle for a field sobriety test. A background check revealed that Swallows's license was revoked for driving under the influence and Flowers had an outstanding warrant on a drug charge. Both were arrested.

Flowers was advised of her *Miranda* rights at the scene and confessed that she had two bags of methamphetamine on her person—84.7 grams, 93.4% pure. But she claimed that the drugs belonged to Swallows. According to Flowers, Swallows threw the bags at her when they saw the "blue lights" and told her to "get rid of [them]." Swallows, meanwhile, was taken to the Bradley County jail. He was also advised of his *Miranda* rights and agreed to speak with two detectives after signing a waiver. During the interrogation, Swallows admitted that he was "aware of the methamphetamine" and had "used some" that day.

In December 2012, a grand jury indicted Flowers and Swallows on two counts of trafficking in methamphetamine. Swallows filed a motion to suppress, arguing that the traffic stop and subsequent custodial interrogation violated his constitutional rights. The district court denied his motion. Eventually, Flowers and Swallows both pleaded guilty to one count of aiding and abetting the possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A) and 18 U.S.C. § 2.

We review the district court's sentencing decisions and consider Flowers's and Swallows's arguments in turn.

## II.

Flowers's offense level was set at 27. *See* USSG §§ 2D1.1, 3E1.1. This designation, combined with a criminal history category of IV, *see* USSG §§ 4A1.1, 1.2, resulted in a guidelines range of 100 to 125 months' imprisonment. *See* USSG Ch. 5, Pt. A. Flowers qualified for a 120–month mandatory minimum under 21 U.S.C. § 841(b)(1)(A), however, which became the low end of her guidelines range. *See* USSG § 5G1.1.

At Flowers's sentencing hearing, the government moved for, and the court granted, a three-level substantial assistance departure. *See* 18 U.S.C. § 3553(e); USSG § 5K1.1. This reduced Flowers's guidelines range to 77 to 96 months' imprisonment. Still, Flowers's counsel objected to the extent of the departure. She argued that the district court should have considered the 18 U.S.C. § 3553(a) factors, along with Flowers's substantial assistance, and varied further below the mandatory minimum. She hoped for a noncustodial sentence, given Flowers's newfound sobriety, work-ethic, and sense of parental responsibility.

The district court considered this argument and rejected it. The court recalled "actually [getting] reversed by the Sixth Circuit [for] considering the [§ ] 3553(a) factors in a substantial assistance departure, and [being] chastised by the circuit for doing so." Flowers's counsel conceded that "Sixth Circuit case law ... states that the [c]ourt cannot, under [§ ] 3553(e), sentence a defendant below a mandatory minimum based on anything aside from the defendant's cooperation." The court then went on to acknowledge Flowers's efforts at self-rehabilitation, but also pointed to countervailing concerns of recidivism. After weighing these factors, among others, the court decided that the "low end of th[e] guideline[s] range is appropriate" and sentenced her to 77 months' imprisonment.

■ On appeal, Flowers's primary challenge is to the district court's decision not to depart further below the mandatory minimum. In the ordinary course, we

have no jurisdiction to review a defendant's challenge to the extent of a substantial assistance departure. *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir.2008).

As such, Flowers takes us on a methodological detour. She asks us to remand her case for resentencing because, in her view, the district court should have considered the " § 3553(a) factors ... along with the extent of [her] substantial assistance" to depart further below the mandatory minimum. We review the district court's legal interpretation of the guidelines de novo. *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir.2010).

Flowers's argument is meritless. We have held, many times over, that "only factors relating to a defendant's cooperation may influence the extent of a departure pursuant to § 3553(e)." *United States v. Williams*, 687 F.3d 283, 286 (6th Cir.2012) (emphasis omitted) (quoting *United States v. Bullard*, 390 F.3d 413, 416 (6th Cir.2004)). Every other circuit

agrees. *United States v. Grant*, 636 F.3d 803, 814 n. 8 (6th Cir.2011) (en banc) (collecting cases). Here, as the district court dutifully recognized, it would have been error to consider the § 3553(a) factors to further reduce Flowers's sentence.[1] *See Williams*, 687 F.3d at 286.

Flowers concedes as much. So, in a last-ditch effort, she urges this court to "abandon its prohibition on the consideration of factors other than the defendant's substantial assistance" and allow district courts to engage in plenary sentencing under § 3553(e). In support of this view, she directs our attention to provisions that deal with post-incarceration sentence modifications: Federal Rule of Criminal Procedure 35(b), which allows for substantial assistance reductions after sentencing, and 18 U.S.C. § 3582(c)(2) (and its guidelines-counterpart, USSG § 1B1.10), which allows for sentence modifications based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Flowers asserts that, when reducing

---

1. This conclusion "does not mean that context has no role to play in the § 3553(e) analysis." *See Williams*, 687 F.3d at 286. As we have made clear in a recent en banc decision, "district courts have traditionally determined the value of a defendant's substantial assistance" under § 3553(e) and USSG § 5K1.1 by "tak[ing] into account the practicalities of the context." *Grant*, 636 F.3d. at 816. This qualification remains good law.

To be sure, determining the value of a defendant's cooperation begins, "as a matter of course," with "consideration of the defendant's activities on behalf of the government and how much his assistance helped in the investigation or prosecution of another." *Id.* at 817. But a district court might "wish to consider" other contextual factors affecting the valuation:

For example, a district court might recognize that a defendant's assistance is of extremely high value but also recognize that fully valuing the cooperation would give the defendant a sentence much lower than co-

defendants who were far less culpable. Giving a lesser reduction under these circumstances might well be warranted. Similarly, if the defendant was among the least culpable in a multi-defendant case, his extremely valuable assistance could be fully rewarded. Another typical situation involves consideration of a defendant's capacity for abiding by the law. A defendant whose prior criminal activity is non-existent or not too serious could be fully rewarded for his valuable assistance, while the valuable cooperation of a defendant who is a threat to society might not be rewarded quite so highly. And, finally, a district judge might properly consider a sentence below a certain point inappropriate for a defendant convicted of a heinous crime, and thus value his cooperation less, while the equivalent cooperation of a defendant who is not a threat to society could be fully valued.

*Id.* Of course, "substantial assistance is the governing principle in this exercise of discretion." *Id.* at 816.

a sentence after incarceration, these provisions allow a district court to consider the § 3553(a) factors along with the defendant's substantial assistance. It follows, she says, that "[t]here is not a logical reason to allow for the consideration of the [§ ] 3553(a) factors during a defendant's . . . resentencing, but exclude their consideration during her initial sentencing."

Even if these provisions were relevant to the task at hand, however, Flowers's argument is misguided. We have recently held that the plenary " § 3553(a) factors have no role in Rule 35(b) proceedings," just as they have no role in § 3553(e) motions. *Grant,* 636 F.3d at 816. Our "longstanding practice" has been to interpret Rule 35(b) "in lockstep" with § 3553(e). *Id.* at 815. And we have also recognized that sentence modifications under § 3582(c)(2) are "closely analogous to Rule 35(b) reductions." *Id.* (citing *Dillon v. United States,* 560 U.S. 817, 827–28, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010)). Indeed, as the Supreme Court has said, "[l]ike § 3582(c)(2), Rule 35 delineates a limited set of circumstances in which a sentence may be corrected or reduced." *Dillon,* 560 U.S. at 828, 130 S.Ct. 2683. These provisions are "congressional act[s] of lenity" that allow for "limited adjustment[s] to an otherwise final sentence and not a plenary resentencing." *See id.* at 826, 828, 130 S.Ct. 2683.

The 2014 amendments to USSG § 1B1.10 do not change our conclusion. Flowers's applicable guidelines range has not "subsequently been lowered" as a result of a retroactive amendment to the guidelines. *See* 18 U.S.C. § 3582(c)(2); *Dillon,* 560 U.S. at 826, 130 S.Ct. 2683; USSG § 1B1.10(a)(1). As such, she is not currently eligible for a sentence modification under this provision. *See* USSG 1B1.10, comment. (n.1). Whatever the effect of the Sentencing Commission's

amendments to § 1B1.10, *see* USSG Supp. App. C, Amdts. 780, 782, 788 (effective Nov. 1, 2014), we have no occasion to revisit the longstanding rule that courts may not consider non-assistance factors in departing below a mandatory minimum under § 3553(e).

▮ Next, Flowers challenges the substantive reasonableness of her sentence on grounds that it is "greater than necessary to comply with the purposes of § 3553(a)." We review for abuse of discretion. *United States v. Taylor,* 800 F.3d 701, 712 (6th Cir.2015). Substantive reasonableness asks whether the length of a particular sentence is appropriate, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Ordinarily, "[t]he essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan–Madrigal,* 601 F.3d 629, 632–33 (6th Cir.2010). But when a mandatory minimum sentence has been challenged as too high, it is "by definition substantively reasonable." *United States v. Marshall,* 736 F.3d 492, 501 (6th Cir. 2013).

No basis exists for Flowers to argue that her sentence was substantively unreasonable. As explained above, after granting the government's substantial assistance motion, the district court lacked discretion to consider the § 3553(a) factors when departing below the mandatory minimum. *See Grant,* 636 F.3d at 816. "The whole point of mandatory minimums is to remove from judges the discretion to impose low sentences on sympathetic defendants." *Marshall,* 736 F.3d at 501. Whether Flowers's sentence is commensu-

rate to the § 3553(a) sentencing factors is "immaterial," as she received the "lowest possible legal sentence." *See Grant*, 636 F.3d at 816.

█ Finally, Flowers argues that her sentence "violates the Eight[h] Amendment prohibition against cruel and unusual punishment." Because she did not raise this argument in the district court, we review it for plain error. *See* Fed. R.Crim.P. 52(b); *United States v. Dedman*, 527 F.3d 577, 591 (6th Cir.2008).

The Eighth Amendment "encompasses a narrow proportionality principle" and "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 997, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in judgment). Moreover, we "grant substantial deference" to Congress in "determining the types and limits of punishments for crimes." *Id.* at 999, 111 S.Ct. 2680 (quoting *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). Accordingly, a sentence "within the maximum set by statute generally does not constitute cruel and unusual punishment." *United States v. Layne*, 324 F.3d 464, 474 (6th Cir.2003) (quoting *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000)). Here, Flowers's 77–month sentence—far below the 120–month mandatory minimum—was not "grossly disproportionate" to her offense. *See id.* (holding that 87–month sentence for methamphetamine manufacturing, which was "well below the twenty-year statutory minimum," could not "be said to be either 'extreme' or 'grossly disproportionate' to the crime"). Finding no error, plain or otherwise, our review is at an end.

## III.

Swallows's base offense level was set at 34, after an enhancement for his career offender status. *See* USSG §§ 2D1.1, 3E1.1, 4B1.1. His criminal history category was set at VI: 13 criminal history points for his prior sentences—including three convictions for sale of methamphetamine—and an additional two because he committed the instant offense while on parole. *See* USSG §§ 4A1.1, 4A1.2. All of this produced an advisory guidelines range of 262 to 327 months' imprisonment. *See* USSG Ch. 5, Pt. A.

At Swallows's sentencing hearing, defense counsel made no relevant objections. Instead, he "asked for mercy, either [in the form of] a downward variance or a motion [for a sentence] outside of the guidelines." The court stated, however, that "the facts are pretty clear that [Swallows's] prior felony record justifies classif[ying] him as a career offender." Ultimately, after considering the § 3553(a) factors, the court imposed a bottom-of-the-guidelines sentence: 262 months.

█ On appeal, Swallows attempts to challenge the district court's suppression ruling. He asserts that the officers "conducted a drug investigation without probable cause" and he did not "voluntarily waive his *Miranda* rights" during the subsequent interrogation. But a defendant "may not appeal an adverse ruling on a pre-plea motion to suppress evidence unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with [Federal Rule of Criminal Procedure] 11(a)(2)." *United States v. Bell*, 350 F.3d 534, 535 (6th Cir.2003). Here, Swallows entered an unconditional plea without preserving the right to appeal the ruling on his suppression motion. He may not raise this issue on appeal.

█ Next, Swallows challenges the substantive reasonableness of his sentence. He argues that the "career criminal enhancement over-represented the serious-

ness of [his] offense." We presume on appeal that a within-guidelines sentence is substantively reasonable. *Gall,* 552 U.S. at 51, 128 S.Ct. 586.

Swallows has not rebutted that presumption. *See United States v. Vonner,* 516 F.3d 382, 389–90 (6th Cir.2008) (en banc). Here, the district court took note of the "major problem in our communities with methamphetamine" and explained the need "to protect the public from [Swallows's] future crimes." In the district court's view, this was "a very important consideration" given Swallows's "marked number of criminal convictions" for methamphetamine trafficking. Indeed, as the district court aptly noted, Swallows possessed the "type of background that the Sentencing Commission had in mind when it enacted the career offender guideline." *See* USSG § 4B1.1 comment. (backg'd) (noting that "substantial prison terms should be imposed on ... repeat drug traffickers"). In any case, the district court imposed a sentence "at the very bottom" of Swallows's guidelines range. *See United States v. Michael,* 576 F.3d 323, 329 (6th Cir.2009). This was not an abuse of discretion. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586.

## IV.

The district court's sentencing decisions are affirmed.